# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSEPH BLUE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00339 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| | ) | By: James P. Jones |
| **K. SMITH, RN, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Joseph Blue, Pro Se Plaintiff.*

The plaintiff, Joseph Blue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison medical staff did not provide him with appropriate care. Upon review of the Complaint, I conclude that the action must be summarily dismissed.

I.

On May 24, 2018, during Friday recreation at Rustburg Correctional Unit ("RCU"), Blue injured his ankle on the basketball court. At the RCU medical unit, he was examined by Nurse K. Smith, who issued an ice pack and pain medication. He also underwent an X ray of his foot. On May 26, 2018, still in pain, Blue filed an Emergency Grievance asking for results from the X ray and additional treatment. In response, an officer responded that Blue's circumstances did not

meet the definition of an emergency and stated: "Per X-Ray results: no fractures, dislocations, or soft tissue masses. Per Nurse Smith, continue ACE bandage, ice packs, & Tylenol/ibuprofen. Follow up with nurse." Compl. 7, ECF No. 1.

Blue filed a second Emergency Grievance on May 29, 2018, asking for an MRI. Five days after the injury, he could hardly walk or put pressure on his foot. Nurse Smith found no emergency and responded:

> You were notified that your xrays of your left foot, ankle, and heel were all normal. Per Dr. Wang no further follow up is ne[c]essary. According to [policy], incarcerated offenders may not choose their own health care provider. You continue to walk on your injured foot which will slow the healing process. You have been told this several times.

*Id.* at 8. On June 1, 2018, Blue filed an Informal Complaint, stating that an X ray would not allow proper diagnosis of the nature of his ankle injury. He demanded an MRI. Nurse Smith scheduled Blue for an appointment with Dr. Wang. After examining Blue on June 13, 2018, Dr. Wang refused to order an MRI, but stated his intention to order a protective boot for Blue to wear.

In his Complaint, dated June 26, 2018, Blue contends that neither Nurse Smith nor Dr. Wang has sufficient expertise about orthopedic injuries. He asserts that by failing to order an MRI or refer him to a specialist, they deprived him of

appropriate medical care. As compensation, he seeks one million dollars in damages.[1]

II.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks and citation omitted). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Only "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs."

---

[1] In early September of 2018, Blue notified the court of his transfer to another prison facility.

*Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished). To prove deliberate indifference, Blue must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." *Jackson*, 775 F.3d at 178. This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Questions of medical judgment are not subject to judicial review." *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

Blue's submissions do not indicate that anyone ignored his medical needs. He began receiving medical care on the day he was injured. Nurse Smith assessed his injury, provided an ice pack, pain medication, and an ACE bandage. Blue's foot and ankle were x-rayed. Dr. Wang reviewed the X ray results and determined that the treatment provided was appropriate for the time being. Three weeks after the injury, when Blue's pain and walking difficulties continued, Nurse Smith scheduled him to see Dr. Wang again. Dr. Wang made a medical judgment that no MRI was necessary and instead, ordered a protective boot. Thus, the record reflects that Nurse Smith and Dr. Wang provided the medical care that they

believed appropriate, given their professional assessment of Blue's condition, symptoms, and X-ray results.

Clearly, Blue believes that he should have received different diagnostic testing or should have been referred to a specialist. At the most, Blue's allegations amount to disagreements with the medical judgments made by the doctor and nurse as to appropriate treatment and timing. Thus, I find that Blue's allegations fail to state any constitutional claim against the defendants. I will summarily dismiss his case pursuant to § 1997e(c)(1) for failure to state a claim upon which relief can be granted.

A separate Order will be entered herewith.

DATED: November 21, 2018

/s/ James P. Jones
United States District Judge